# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ADRIAN DADO URIAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN-FACILITY ADMINISTRATOR, *et al.*,<br><br>Respondents. | Case No. 5:26-cv-01972-JWH-DFM<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Under 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.[1]  The Court also has considered the Reply of Petitioner Jose Adrian Dado Urias filed on May 8, 2026, which the Court liberally construes as an objection to the R&R.[2]

The Report and Recommendation recommends that this Court grant Urias an individualized bond hearing under 8 U.S.C. § 1226(a) because Urias is a bond-eligible class member certified by the court in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).  Urias's Reply does not merit a different result.

Urias argues that his warrantless arrest was unlawful.[3]  But "[t]he remedy for an unlawful arrest in violation of the Fourth Amendment is suppression of evidence, not release from custody."  *Reyes v. Hermosilla*, 2026 WL 528692, at *2 (W.D. Wash. Jan. 15, 2026) (discussing cases including *United States* ex rel. *Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.")).  Thus, "Petitioner is not entitled to release based on his allegedly unlawful arrest." *Reyes*, 2026 WL 528692, at * 3 (citing cases).

Urias argues that the only proper remedy for his unlawful detention without a bond hearing is his immediate release.[4]  However, the Court agrees

---

[1]     Report and Recommendation (the "R&R") [ECF No. 14].

[2]     Pet.'s Reply to Resps.' Ans. (the "Reply") [ECF No. 15].

[3]     *Id*. at 2-4.

[4]     *Id*. at 4-7.

with the R&R that the proper remedy is an individualized bond hearing under 8 U.S.C. § 1226(a) rather than immediate release.[5] "Here, 'law and justice require' redressing [Petitioner's] specific injury, namely the deprivation of his access to a bond hearing. Ordering Respondents to provide Petitioner with such a hearing redresses that specific injury." *Avelar Ramos v. Bondi*, 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026) (citing cases).

Accordingly, the Court hereby **ORDERS** as follows:

1. The findings, conclusions, and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **GRANTED in part**.

3. Respondents are **DIRECTED** to provide Urias with an individualized bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a) no later than May 27, 2026.

4. Respondents are **DIRECTED** to release Urias from custody if Urias is not timely provided with the aforementioned hearing.

5. The parties are **DIRECTED** to file no later than June 1, 2026, a Joint Status Report detailing if and when the hearing occurred, whether bond was granted or denied, and, if denied, the specific reasons for the denial.

6. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: May 20, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[5] R&R 6 (citing cases including *Procopio v. Mullin*, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) ("Typically, the remedy afforded to members of the Bond Eligible Class is consideration for a bond hearing under 8 U.S.C. § 1226(a).")).